UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEREMIAH J. BRADFIELD,       )
                             )
            Petitioner,      )
                             )
       v.                    )      Case No. 09-1228
                             )
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

## O R D E R

This matter is now before the Court on Petitioner, Jeremiah Bradfield's ("Bradfield"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court orders an evidentiary hearing.

### BACKGROUND

In May 2007, Bradfield was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He pled guilty to the Indictment with no agreement as to the sentence to be imposed. On April 14, 2008, he was sentenced to 120 months' imprisonment and eight years of supervised release. There is no indication that Bradfield pursued a direct appeal to the Seventh Circuit.

Bradfield now brings this § 2255 motion in which he argues that his counsel was ineffective for failing to pursue a direct appeal. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995).  Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).  Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698.  Accordingly, a petitioner bringing a § 2255 motion is barred from raising:  (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

Here, Bradfield's claim is that he received ineffective assistance of counsel when counsel failed to comply with his request to pursue a direct appeal.  Criminal defendants

2

are guaranteed the right to effective assistance of counsel under the Sixth Amendment. Watson v. Anglin, 560 F.3d 687, 690 (7th Cri. 2009). The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Id., at 687-88; Wyatt v. United States, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

That being said, the Seventh Circuit has held that where a defendant claims that counsel was ineffective for failing to comply with a request to file a direct appeal, the defendant need not make a preliminary showing of prejudice in order to be entitled to relief. Castellanos, 26 F.3d at 719-20. Where a request to file an appeal has been denied, prejudice is established without regard to the probability of success on appeal. Id., at 720; Alvarez v. United States, 47 F.3d 1173, 1995 WL 63013, at *3 (7th Cir. Feb. 13, 1995); Kafo v. United States, 476 F.3d 1063, 1066-67 (7th Cir. 2008). Notably, the Government's response does not discuss or attempt to distinguish this authority, arguing that Bradfield provides no indication of a basis for a successful claim on appeal and cannot establish prejudice because he received the mandatory minimum sentence. Both of these

arguments have been specifically disavowed by binding precedent. See Rodriguez, 395 U.S. at 330 (holding that "the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated); Castellanos, 26 F.3d at 718-20 (specifically disavowing prior case law requiring a defendant to establish prejudice from a failure to appeal as such a scenario represents constructive abandonment of the defendant by counsel and constitutes a per se violation of the Sixth Amendment).

Bradfield's attorney, Jeremy Karlin, has submitted an Affidavit in which he states that on the day after sentencing, he sent a letter to Bradfield advising him of his right to appeal, as well as the time limits for doing so, and his opinion that there was no legal basis for an appeal; Attorney Karlin asked Bradfield to call the office to advise how he wished to proceed. Attorney Karlin further indicates that on April 17, 2008, Bradfield called his office and advised his assistant, Kati Gray ("Gray"), that he did not wish to file an appeal. On April 18, 2008, Attorney Karlin sent a second letter to Bradfield confirming his conversation with Gray and asking him to contact his office immediately if his understanding of the conversation was incorrect. Attorney Karlin further states that he received no subsequent communication from Bradfield indicating that he wished to file an appeal.

On the other hand, Bradfield has submitted a sworn statement signed under penalties of perjury indicating that he did not receive the letters from Attorney Karlin, never talked to Gray, and never advised that he did not wish to appeal. He further asserts that by way of a letter and telephone call, he made Attorney Karlin aware of his desire to take a direct appeal.

Courts can grant relief only where a defendant requested counsel to file a notice of appeal and counsel failed to comply with that request. Id. The essential inquiry in a Castellanos argument is "whether the defendant comes forward with evidence that he had expressed his desire to appeal." Kafo, 467 F.3d at 1066-67. If the petitioner in a collateral attack makes a prima facie showing that he did in fact request that counsel file an appeal, an evidentiary hearing must be held. See Stoia v. United States, 22 F.3d 755, 768 (7th Cir. 1994).

This case presents a "he said, she said" dispute based on the competing affidavits or sworn statements of Bradfield and Attorney Carlin. There is authority supporting the proposition that the affidavit or sworn statement of the petitioner himself is sufficient to entitle him to an evidentiary hearing. Kafo, 467 F.3d at 1068, 1071 (noting that a petitioner must provide some evidence beyond conclusory allegations, "even if that evidence is his verified statement alone); Heiss v. United States, 24 Fed.Appx. 599, 601 (7th Cir. 2001); United States v. Phillips, 2004 WL 2491594, at *3 (W.D.Wis. Oct. 28, 2004); Agunloye v. United States, 999 F.Supp. 1182, 1184 (N.D.Ill. 1998). Without further factual development, the Court cannot conclude that no constructive abandonment of counsel occurred in this case, and the Court therefore orders an evidentiary hearing limited solely to the issue of whether Bradfield requested that counsel file a notice of appeal and counsel failed to do so.

## CONCLUSION

For the reasons set forth herein, the Court orders an evidentiary hearing to be held at 1:00 pm on Thursday, June 3, 2010, in person in Courtroom A in Peoria. This evidentiary hearing will be limited solely to the issue of whether Bradfield requested that

5

counsel file a notice of appeal and counsel failed to do so.  All relevant witnesses are expected to be present, and the Clerk shall issue a writ for Bradfield's appearance.

ENTERED this 11th day of May, 2010.


                                                        s/ Michael M. Mihm
                                                        Michael M. Mihm
                                                        United States District Judge